

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:12-CR-28-SS-ART

UNITED STATES OF AMERICA                          PLAINTIFF

V.                  **PLEA AGREEMENT**

JASON SPARKMAN                              DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute oxycodone.

2. The essential elements of Count One are:

    (a)    that two or more persons conspired to knowingly and intentionally distribute oxycodone, a Schedule II Controlled Substance, and;

    (b)    that the Defendant knowingly and voluntarily joined the conspiracy.

3. As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    During the time frame of the conspiracy, the Defendant lived with Eugene Slone at Slone's residence on Bill Dee Branch Road in Knott County, Kentucky. From time to time, the Defendant would facilitate the sale of oxycodone at the direction of Slone. For example, Slone contacted the Defendant and directed he provide oxycodone to

1

Malla McCown. The Defendant sold oxycodone for Slone to Curtis Venters and others from Bill Dee Branch Road, usually in quantities between 10 and 100 oxycodone, 30 mg. tablets.

4. The statutory punishment for Count One is imprisonment for not more than 20 years, a fine of not more than a $1,000,000, and a term of supervised release of at least 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 2012 manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. §2D1.1(a)(5) (referencing §2D1.1(c)(8)), the Defendant's base offense level is 24 because his relevant conduct includes an oxycodone quantity with a marijuana equivalency between 80 and 100 kilograms of marijuana.

    (c) Pursuant to U.S.S.G. §2D1.1(b)(16), the offense level is decreased by 2 levels if the Defendant has no more than one criminal history point, as determined by the Court.

    (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. With the exception of ineffective assistance of counsel claims, the Defendant also waives the right to attack collaterally the guilty plea, conviction, ~~and sentence.~~ CJDS JDP

9. The Defendant agrees to cooperate fully with the United States Attorney's Office and will make a full and complete financial disclosure. The Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by

3

one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 5-1-13

By: _____
Jason D. Parman
Assistant United States Attorney

Date: 3-27-13

_____
Jason Sparkman
Defendant

Date: 3/27/13  　　　　　　　*[signature]*
　　　　　　　　　　　　　　　Paul K. Croley, II
　　　　　　　　　　　　　　　Attorney for Defendant

APPROVED, this 28th day of April, 2015.

　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE